IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC ROGERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE MAHALLY, *et al.* | : | NO. 14-6498 |

<u>**MEMORANDUM**</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                         June 9, 2016

      Presently before the court is a Petition for a Writ of Habeas Corpus filed by Eric Rogers ("Petitioner") pursuant to 28 U.S.C. § 2254. Petitioner, who is currently serving a life term of incarceration at the State Correctional Institution-Dallas, seeks habeas relief based on a claim that his due process rights were violated.[1] The Honorable L. Felipe Restrepo referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before addressing the merits of Petitioner's claim, it is necessary to decide whether this court has jurisdiction over it, a question the parties have ignored. Hence, they will be ordered to address this court's jurisdiction.

### I.    PROCEDURAL HISTORY[3]

      On October 28, 1991, Petitioner pled guilty to one count of possession with intent to distribute ("PWID"), one count of criminal conspiracy and one count of violating the PACOA.

---

[1] On October 28, 1991, Petitioner pled guilty to, *inter alia*, one count of violating the Pennsylvania Corrupt Organization Act ("PACOA"), 18 Pa. Cons. Stat. Ann. §§ 911, *et seq.* *See* Petition at 4. In 1996, the Pennsylvania Supreme Court held that a PACOA conviction was not permissible where the enterprise in question was a wholly criminal concern, because the Pennsylvania legislature enacted the PACOA in 1973 to protect Pennsylvania's legitimate businesses from being infiltrated by organized crime. *See Kendrick v. Dist. Att'y of Phila. Cnty.*, 916 A.2d 529, 533-34 (Pa. 2007) (citing *Commonwealth v. Besch*, 674 A.2d 655, 659 (Pa. 1996)). The Commonwealth agrees that the enterprise involved in Petitioner's case, a drug ring, was solely criminal, therefore, his PACOA conviction should be vacated. *See* Response at 1-3.

[2] After Judge Restrepo was elevated to the Third Circuit, this case was reassigned to the Honorable Mitchell S. Goldberg.

[3] This factual and procedural history was gleaned from Petitioner's Habeas Corpus Petition, inclusive of all exhibits thereto, the Commonwealth's Response, inclusive of all exhibits thereto, Petitioner's Answer to the Response, inclusive of all exhibits thereto, and the state court record.

*Commonwealth v. Rogers*, No. 898 EDA 2013, slip op. at 1 (Pa. Super. Ct. April 4, 2014) ("2014 Super. Ct. Op."). On December 3, 1991, he was sentenced to one to two years' incarceration for the PWID charge, five to ten years for the conspiracy charge and ten to twenty years on the PACOA count, with the sentences to run concurrently. *Id.*

Petitioner did not pursue a direct appeal. 2014 Super. Ct. Op. at 1. Instead, he waited until September 18, 2009 to seek relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.* 2014 Super. Ct. Op. at 2. The PCRA petition was dismissed as time-barred, *id.*, and, on August 26, 2011, the Pennsylvania Superior Court affirmed that decision. *Id.* The Pennsylvania Supreme Court denied allowance of appeal ("*allocatur*") on February 24, 2012. *Id.*

Next, Petitioner filed a second PCRA petition on March 15, 2012, but it was also dismissed as untimely. 2014 Super. Ct. Op. at 2. On April 4, 2014, the Superior Court affirmed that decision as well. *Id.* at 2-6. The Pennsylvania Supreme Court denied *allocatur* on September 22, 2014. *Commonwealth v. Rogers*, No. 256 EAL 2014 (Pa. Sept. 22, 2014).

On November 6, 2014,[4] Petitioner filed the instant habeas corpus petition, claiming that his PACOA conviction violated his due process and eighth amendment rights. Petition ("Pet.") at 8. The Commonwealth concedes that Petitioner's PACOA conviction should be vacated; it requests that this court conditionally grant the writ and afford the state court time to resentence Petitioner on the remaining charges. Resp. at 1-4. Petitioner has replied and maintains that this court should vacate his PACOA conviction as well as a separate April 1991 first degree murder conviction on the ground that the murder was a predicate act for the PACOA offense.

---

[4]The Clerk of Court docketed this habeas corpus petition on November 10, 2014. However, Petitioner is a *pro se* inmate, hence, his petition is deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under penalty of perjury, Petitioner stated that he placed his habeas petition in the prison mailing system on November 6, 2014. Pet. at 19. Hence, this court will deem November 6, 2014 the filing date pursuant to *Burns*.

Petitioner's Answer to Response ("Reply") at 2-8. As explained below, this court is not prepared to address these merits questions, as it may lack jurisdiction over the habeas petition.

## II. DISCUSSION

A federal court has jurisdiction to entertain a habeas petition only if the petitioner is "in custody" in violation of the federal constitution or federal law. *Levya v. Williams*, 504 F.3d 357, 362 (3d Cir. 2007) (citing *DeFoy v. McCullough,* 393 F.3d 439, 441 (3d Cir. 2005)). Whether the petitioner is "in custody" is evaluated at the time the habeas petition is filed. *Levya,* 504 F.3d at 363. Once the petitioner has fully served a state-imposed sentence, he can no longer satisfy the "in custody" jurisdictional requirement. *Lackawanna Cnty. Dist. Attn'y v. Coss*, 532 U.S. 394, 401 (2001).

The record before the court does not conclusively establish whether Petitioner satisfied the "in custody" jurisdictional requirement, because Petitioner's PACOA sentence may have expired before he filed his habeas petition. Petitioner's PACOA sentence of ten to twenty years was imposed on December 3, 1991. If, as appears from the record before the court, he commenced serving the sentence immediately, it expired on December 3, 2011. Since Petitioner filed the instant habeas petition on November 6, 2014, it seems that he did not satisfy the "in custody" requirement; if so, this court lacks jurisdiction over his petition. *See Coss*, 532 U.S. at 401. Further, the Commonwealth suggests that Petitioner's sentences for his PWID and conspiracy charges have already expired, *see* Resp. at 3 n.2, but fails to explain how it could be that the PACOA conviction would not have also expired, since it was concurrent to the other sentences. On the other hand, Petitioner asserts that he will serve a life sentence once his PACOA sentence expires, implying that he was serving the PACOA sentence when he filed the habeas petition. *See* Pet. at 17. The parties cannot consent to jurisdiction where it is absent and

3

this court has the duty to determine whether it has jurisdiction, even if the parties fail to contest it, *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95(1998); therefore, they will be ordered to address whether Petitioner was "in custody" on his PACOA conviction when he filed the instant habeas petition.

     An implementing order follows.