IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC ROGERS,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | No. 14-6498 |
| | : | |
| **LAWRENCE MAHALLY, et al.,** | : | |
| Respondents. | : | |
| | : | |

# ORDER

**AND NOW**, this 13th day of February, 2017, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Sandra Moore Wells, and Petitioner's Objections thereto, it is hereby **ORDERED** that:

1. Petitioner's objections (Doc. No. 29) are **OVERRULED**;[1]

2. The Report and Recommendation (Doc. No. 28) is **APPROVED** and **ADOPTED**;

3. The petition for a writ of habeas corpus is **GRANTED**;

4. Petitioner's "Motion for Addendum and Consolidated Argument and Facts in Support of" (Doc. No. 27) is **DENIED** as moot;

---

[1] Petitioner raises only one objection that is relevant to a claim in his petition. He argues that because he was arrested on the New Jersey side of the Walt Whitman Bridge and then in jail in New Jersey before making bail, Pennsylvania courts were required to hold an extradition or transfer hearing to hear the case in Pennsylvania. This claim is without merit. *In personam* jurisdiction is established by a party's presence, however it is obtained, even if by "forcible compulsion." Frisbee v. Collins, 342 U.S. 519 (1931); see also Shack v. Attorney Gen. of State of Pennsylvania, 776 F.2d 1170, 1172 (3d Cir. 1985). Petitioner's other objections are unrelated to arguments made in his petition and I therefore do not need to address them.

5. Within sixty (60) days of this Order, the Commonwealth shall **VACATE** Petitioner's conviction for violating the Pennsylvania Corrupt Organization Act ("PACOA"), 18 Pa. Cons. Stat. Ann. §§ 911 *et seq.* and it shall afford Petitioner a new sentencing hearing on his October 28, 1991 convictions for one count of possession with intent to distribute and one count of criminal conspiracy; and

6. The Clerk of Court is directed to mark this case **CLOSED**.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

_____
**MITCHELL S. GOLDBERG, J.**